PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OMAR VAYAS DURAN,<br><br>　　　　　　　Defendant. | CASE NO. 1:21-CR-00177-DAD-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER AND STATUS MEMO<br><br>DATE: February 11, 2025<br>TIME: 8:30 a.m. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on January 22, 2025, a trial confirmation hearing on January 27, 2025, and trial on February 11, 2025.

2. By this stipulation, defendant now moves to vacate the status conference, trial confirmation hearing and trial, set a status conference for May 14, 2025 and to exclude time between February 11, 2025, and May 14, 2025, under 18 U.S.C. § 3161(h)(7)(A), B(iv). A status of the case and the reasons for the request are set forth below.

3. The parties agree and stipulate, and request that the Court find the following:

　　a) The government has represented that the discovery associated with this case includes investigative reports, laboratory reports, extensive audio footage, and transcripts.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1   Discovery has been produced directly to counsel and/or made available for inspection and
2   copying. The government is aware of its ongoing discovery obligations.
3        b)        The parties have been working towards a meeting of the minds on a plea
4   agreement. However, at least two issues/ matters have interfered with arriving at an executed
5   plea agreement.
6                i.        The defendant retained counsel on a forfeiture matter that arose from the
7   facts underlying the instant charges. The defendant desires time to insure
8   that a resolution in the criminal matter does not impact a resolution in the
9   forfeiture matter.
10        c)        The defendant believes there is a reasonable probability that the case will resolve
11  without the need to set a trial date.
12        d)        Counsel for defendant desires additional time to consult with his client, discuss a
13  potential resolution of the case, conduct investigation and research related to the charges and
14  potential sentencing arguments, and to review and copy discovery for this matter.
15        e)        Counsel for defendant believes that failure to grant the above-requested
16  continuance would deny them the reasonable time necessary for effective preparation, taking into
17  account the exercise of due diligence.
18        f)        The government does not object to the continuance.
19        g)        Based on the above-stated findings, the ends of justice served by continuing the
20  case as requested outweigh the interest of the public and the defendants in a trial within the
21  original date prescribed by the Speedy Trial Act.
22        h)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
23  et seq., within which trial must commence, the time period of February 11, 2025 to May 14,
24  2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code
25  T4] because it results from a continuance granted by the Court at defendant's request on the basis
26  of the Court's finding that the ends of justice served by taking such action outweigh the best
27  interest of the public and the defendant in a speedy trial.
28        4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

5. If this case were to proceed to trial, the parties anticipate the trial would take 3 – 5 days. The parties would likely have 3 – 5 motions in limine total, and no dispositive motions to file. The parties request motions be due January 31, any reply by February 3 and a hearing on the motions February February 7, 2025.

IT IS SO STIPULATED.

Dated:  January 21, 2025                                PHILLIP A. TALBERT
                                                        United States Attorney

                                                        /s/ KIMBERLY A. SANCHEZ
                                                        KIMBERLY A. SANCHEZ
                                                        Assistant United States Attorney

Dated:  January 21, 2025                                /s/ DAVID A. TORRES
                                                        DAVID A. TORRES
                                                        Counsel for Defendant
                                                        OMAR VAYAS DURAN

## **ORDER**

IT IS SO ORDERED that the status conference set for January 22, 2025, trial confirmation set for January 27, 2025 and jury trial set for February 11, 2025 are vacated. A status conference is set for **May 14, 2025, at 1:00 p.m. in Courtroom 8 before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The parties are informed that Court will not grant further continuances, absent good cause, which will be narrowly construed. If a plea agreement is not filed before the next status hearing, the Court will set a trial date, in short order, at the next status hearing.

IT IS SO ORDERED.

Dated:   **January 21, 2025**                           /s/ Barbara A. McAuliffe
                                                        UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME                   3
PERIODS UNDER SPEEDY TRIAL ACT